UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ROBERTO CARLOS MENDIVES**
**sui juris, and on behalf of his four minor**
**children, R.C.M. II, M.A.M., G.L.M.,**
**E.F.M.,**

    *Plaintiff*,

v.                                                                         No. SA-21-CV-0356-JKP

**BEXAR COUNTY, et al.,**

    *Defendants*.

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is a *Report and Recommendation of United States Magistrate Judge* (ECF No. 8) ("R&R"), filed on June 23, 2021. The Magistrate Judge recommends that the Court (1) dismiss this action as frivolous and malicious under 28 U.S.C. § 1915(e) and (2) warn Plaintiff that initiating further frivolous or malicious cases may result in sanctions. Plaintiff has timely filed objections to the R&R. *See* ECF No. 12.[1]

The District Court has reviewed *de novo* those portions of the recommendation to which objection was made and reviewed the remaining portions for clear error. Finding no error, the Court **ACCEPTS** the Report and Recommendation of the United States Magistrate Judge. While much of 54-page filed objections does not warrant express consideration, the Court does address certain matters.

First, after the time for filing objections passed, Plaintiff made six filings (each docketed as an Advisory to the Court). The first asks the Court to take judicial notice of various matters.

---

[1] Although the docket reflects the filing of a Notice of Appeal (ECF No. 11), the Fifth Circuit returned the filing, *see* ECF No. 13, and staff notes indicate that Plaintiff intended to file ECF No. 11 as an attachment to ECF No. 12. The Court thus treats ECF No. 11 as an attachment to Plaintiff's objections. The face of the objections confirms Plaintiff's intent to attach ECF No. 11 to his objections.

*See* ECF No. 14. The second is titled, Estoppel of No Confidence, and includes a July 20, 2021, letter to the Deputy Secretary of the State of Texas, with exhibits. *See* ECF No. 15. The third and fourth are titled the same and include August 1, 2021 letters to the Inspector General of Defense Logistics Agency and to the Inspector General of the Department of Justice. *See* ECF Nos. 16 & 17. The fifth is titled, Estoppel by Silence, and includes a demand for disclosure. *See* ECF No. 18. And the most recent is titled as a Petition for Writ of Certiorari to the United States Court for the Fifth Circuit. *See* ECF No. 19. To the extent that any of these filings or portion thereof qualify as an objection to the R&R, the Court finds them untimely and will not further consider them.[2]

According to his objections, Plaintiff lost custody of his four minor children five years ago on false allegations of domestic abuse and rape. *See* ECF No. 12 at 5-7. In large part, his objections focus on the concept of being innocent until proven guilty. *See id*. at 6-8. His initial objections concern a lack of empathy and sympathy on the part of the Magistrate Judge. *See id*. at 8, 42. But such emotional matters have no place in determining whether Plaintiff's complaint is subject to dismissal through statutory screening procedures. The Court is to apply the law to the facts without regard to personal sympathies for or biases against a particular litigant. Neither bias nor sympathy should factor into a Court's decision. As a parent, Plaintiff is understandably upset as to what allegedly transpired with respect to his children. According to Plaintiff, they were taken away five years ago based on false statements and misrepresentations. *See* ECF No. 12 at 8. And, as Plaintiff states so emphatically, he "has been fighting as much [as] he can, to demand justice, to personally raise and care for his children as every responsible man would do."

---

[2] Furthermore, after the Court commenced its review of the R&R, Plaintiff filed a *Notice of Appeal* (ECF No. 20). In general, such filing "strips the district court of jurisdiction, but this rule is inoperative for nonappealable orders." *Butler v. Denka Performance Elastomer LLC*, 806 F. App'x 271, 275 n.5 (5th Cir. 2020) (per curiam). Because the Court has yet to issue an appealable order in this case, the Notice of Appeal does not divest this Court of jurisdiction to consider the R&R or otherwise proceed with this case.

*See id*. He submits that his "demands for justice are not frivolous and malicious," instead, he pursues justice "[w]ith a sense of ethical anger, with a justified righteous indignation." *See id*.

Plaintiff further objects that the *Rooker-Feldman*[3] doctrine is inapplicable. *See id*. at 11, 18-19. He contends "*Rooker-Feldman* simply does not apply where a state-court litigant brings an independent action in federal court attacking a state court judgment as void for lack of jurisdiction or fraud." *Id*. at 18. However, Plaintiff has not shown the *Rooker-Feldman* doctrine to be inapplicable. Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). And such burden includes showing that the *Rooker–Feldman* doctrine does not divest the Court of jurisdiction it might otherwise have. *See McMullen v. Cain*, No. A-17-CA-0103-LY, 2017 WL 4510594, at *2 (W.D. Tex. Feb. 23, 2017) (recommendation of Mag. J.) *accepted by* 2017 WL 4506814 (W.D. Tex. June 22, 2017).

Although "the *Rooker–Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005), the instant case appears to fall within the jurisdictional bar of *Rooker-Feldman* at least to some extent. The doctrine removes jurisdiction from the lower federal courts "to review matters 'inextricably intertwined' with a state judgment." *Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018) (per curiam) (quoting *Feldman*, 460 U.S. at 486-87). Stated succinctly, "the doctrine applies" when "a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*, 546 U.S. 459, 466 (2006) (per curiam).

---

[3] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

Plaintiff is a state-court loser who complains of injuries caused by a state court judgment related to the custody of his children and other matters of family law. At least some of his varied claims appear inextricably intertwined with a state judgment that is not reviewable by this Court. The Court need not consider whether the *Rooker–Feldman* doctrine bars all claims in this action, because the Magistrate Judge did not rely solely on that doctrine to recommend dismissal of this action.

The meat of the recommendation in this case centers on finding the instant action frivolous and malicious due to five prior federal cases that were resolved adversely to Plaintiff on various grounds. Each of the prior actions were found to be jurisdictionally deficient at least to some extent. It is within a court's discretion to dismiss an action as frivolous due to jurisdictional defects. *See Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citing *Oltremari v. Kan. Soc. & Rehabilitative Serv.*, 871 F. Supp. 1331, 1333 (D. Kan.1994) ("A complaint is frivolous within the meaning of § 1915(d) [now § 1915(e)], if its subject matter is outside the jurisdiction of the court."); *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989) ("When a court does not have jurisdiction to hear an action, the claim is considered frivolous.")).

Furthermore, through the preliminary screening process of 28 U.S.C. § 1915(e)(2), courts may appropriately dismiss an action filed in forma pauperis ("IFP") upon finding the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A court may dismiss an IFP action as frivolous when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Similarly, the Fifth Circuit has long held that filing successive IFP actions which duplicate claims made in previous lawsuits qualifies as malicious under the screening statute. *See*

*Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). That the prior cases may have involved different defendants does not affect the maliciousness of a successive action. *See id.* Likewise, the assertion of a new claim that arises from the same allegations of a prior action does not affect the malicious or duplicative nature of the successive action. *See Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (per curiam). In short, "[a] case is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'" *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013) (per curiam) (quoting *Bailey*, 846 F.2d at 1021). Additionally, that prior dismissals were largely or entirely based on jurisdiction does not make a successive case any less malicious or frivolous.

The Magistrate Judge summarized Plaintiff's five prior lawsuits: (1) an attempted removal of his state court divorce and custody proceeding (*Mendives v. Mendives*, No. 5:16-cv-15-RP (W.D. Tex. filed Jan. 8, 2016) (resulting in case being remanded for lack of jurisdiction)); (2) a Petition for Writ of Mandamus and Petition for Writ of Quo Warranto against his ex-wife, her lawyers, and various state court judges for allegedly violating his constitutional and federal rights during the aforementioned divorce and custody proceeding (*In Re: Marriage of Angela Rose Mendives and Roberto Carlos Mendives*, No. 5:16-cv-82-RP (W.D. Tex. filed Jan. 25, 2016) (resulting in dismissal for lack of jurisdiction and failure to state a claim)); (3) three other cases against his ex-wife, her attorneys, various Bexar County Judges, the Bexar County District Court, and the Office of Child Support Enforcement in Texas—again complaining his rights were violated in various ways during those state court proceedings (*Mendives v. Mendives*, No. 5:16-cv-1022-OLG (W.D. Tex. filed Oct. 13, 2016) (civil action resulting in jurisdictional dismissal); *Mendives v. Wooten*, No. 5:17-cv-1120-DAE (W.D. Tex. filed Nov. 3, 2017) (civil action resulting in dismissal under *Rooker-Feldman*); *Mendives v. Wooten*, No. 5:19-cv-4-FB (W.D. Tex. filed Dec. 28, 2018) (petition for writ of habeas corpus dismissed for lack of juris-

diction)). Plaintiff's divorce and other family law proceedings lie at the center of each of these five prior cases. And this case shares that same focal point.

The Court finds that Plaintiff pursues claims in this action that arise out of the same facts and circumstances as his prior cases and there is no apparent reason that he could not have pursued any new claims asserted in this case in his prior civil actions. Consequently, the Court finds the instant action malicious and frivolous within the meaning of 28 U.S.C. § 1915(e). By making such finding, the Court is not attributing malicious intent to Plaintiff. Nor is it belittling or disparaging the underlying merits of any asserted claim by finding this action frivolous. Finding this action malicious and frivolous relates to the duplicative and successive nature of this case. This Court has no need to reach the merits of any asserted claim.

Finding no error upon a *de novo* review of those portions of the recommendation to which objection was made and reviewing the remaining portions for clear error, the Court **ACCEPTS** the Report and Recommendation of the United States Magistrate Judge. It **DISMISSES** this action as malicious and frivolous as recommended and will finalize such dismissal with a separate judgment dismissing this case. Furthermore, as recommended by the Magistrate Judge, the Court **WARNS** Plaintiff that future abuses of the litigation process, such as initiating a frivolous or malicious case, may result in the imposition of sanctions up to including a monetary sanction payable to the Court, entry of a prefiling injunction to preclude instituting new actions based on the conduct leading to this case and his prior ones, and/or preventing him from proceeding in forma pauperis except by leave of court.

Despite the dismissal of this action and the sanction warning, the Court understands Plaintiff's determination to right the wrong that he perceives was inflicted upon him through the state court family law proceedings. But continued federal litigation is not the proper means to that end. And continued efforts to further litigate the alleged wrongs in federal court may lead to

the imposition of sanctions. The Court further notes that to the extent Plaintiff attempts to bring this action on behalf of his minor children, he may not do so without representation of counsel. *See McGee v. Isiah*, No. 3:16-CV-200-B-BH, 2016 WL 2642105, at *1 (N.D. Tex. Apr. 11, 2016) (recommendation of Mag. J.) *accepted by* 2016 WL 2622294 (N.D. Tex. May 9, 2016); *Oltremari*, 871 F. Supp. at, 1361.

The frivolous and malicious nature of this action also compels the Court to consider 28 U.S.C. § 1915(a)(3). That subparagraph provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Because Plaintiff has been granted permission to proceed with this action in forma pauperis, he "may proceed on appeal in forma pauperis without further authorization," except in certain circumstances, including when "(A) the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification." Fed. R. App. P. 24(a)(3)(A). "Good faith" within the meaning of § 1915(a)(3) "must be judged by an objective standard" and an appeal is taken in good faith if a litigant seeks appellate review of any non-frivolous issue. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

For the reasons stated in the R&R and this Order, the Court hereby **CERTIFIES** that any appeal by Plaintiff in this action is not taken in good faith. Although the Court has certified that any appeal in this action is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), Plaintiff may challenge this certification by filing a separate motion to proceed in forma pauperis on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within the time frame prescribed by Fed. R. App. P. 4. *See Baugh v. Taylor*, 117 F. 3d 197. 202 (5th Cir. 1997). Absent a challenge to the certification, Plaintiff must "pay the full filing fee and any relevant costs" to proceed on appeal. *See id.*; *accord Skiba v. Jacobs Ent., Inc.*, 587 F. App'x 136, 138 (5th Cir. 2014) (per curiam) ("When a district court certifies that an

7

appeal is not taken in good faith under § 1915(a)(3) . . . the litigant may either pay the filing fee or challenge the court's certification decision.").

**It is so ORDERED this 8th day of October 2021.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**